Williams, J.
 
 [1]
 

 The complainant on the 19th day of November, 1792, made his entry in the bill stated for one thousand acres of land, and regularly obtained a grant for the same on the 20th day of March, 1793. The defendants made their entry on the 6th day of May, 1788, for six hundred and forty acres, part of the land claimed by the complainant, and obtained a grant for the same, younger in date than the grant of the complainant. The matter in dispute has been tried in a court of law, and a judgment has been there obtained for the defendants for the possession of the land, together with $363.75 costs. It is stated in the bill that an ineffectual application had been made to the Circuit Court for a new trial. That the defendants, long after the grant had issued, marked and laid off six hundred and forty acres to establish their claim, and that Abraham
 
 *28
 
 Stanly, who had acquired and relinquished an interest in the claim of the defendants, had seen the land thus marked, and had been informed by some one of the defendants that it had been done to claim by. That before the suit at law Stanly died, and that the complainant had no other way of proving the facts known to Stanly but by the ■ information of some one of the defendants.
 

 The bill prays for the possession of the land, and that some of the defendants may pay the costs, with a general prayer that equity may be extended to the circumstances of the case.
 

 The answer denies the information given to Stanly, or that they or either of the defendants marked the land as stated in the bill, and demur to the balance of the bill assigning five causes, some of which in substance amount to this : that the question ha'd been tried at law, and that the case arising from the bill and answer is not within the jurisdiction of a court of equity.
 

 The error assigned is that the Circuit Court erred in sustaining the demurrer and dismissing the bill.
 

 It has been urged in behalf of the plaintiff that the demurrer was radically wrong; and that the bill could not in any event be dismissed, as the title of either party must result from a trial of the issue in the bill and answer, and that from the case stated it was evident the plaintiff had a right to the land.
 

 A demurrer demands the judgment of the Court, whether the defendants are bound to answer the bill or the part to which the demurrer extends. 3 P. Wins. 8; Mit. pi., 99. Is there a part of the bill covered by the demurrer to which the defendants ought by the Court to be compelled to answer ? A court of law have refused a new trial after a full view of all the circumstances. If the verdict had been obtained by misrepresentation or prejudice, as stated by the complainant, the court at law could not have refused to review the proceéding. Without stating in what the misrepresentations and prejudices consisted, how could a fact of this description after the answer be tried ? Look at such a question before a court or jury 1 As the question at law could only have been as to the locality of the defendants’ entry, it is equally futile to require an answer as to where the entry was made, or whether Cedar Creek is fifteen or twenty miles off, or about a survey having been made before the grant ? Whether six hundred and forty acres were laid off, or the letter K marked to establish the claim of the defendants by? Whether they recovered $363.75, or whether the plaintiff did his best to establish his claim at law ? For all these matters are stated in the bill 1 The answer to all this is, these matters were or could have been finally settled in the trial at law, for the bill did not properly disclose any fact which shows the contrary. No fraud or accident is specifically stated.
 

 
 *29
 
 As to the issue formed by the bill and answer, it may be proper to remark that from the complainant’s own showing he has no other method of proving his statement varying the question at law than from the information of the defendants'. The defendants deny that they can afford any such information, and this answer takes the case from the jurisdiction of a court of equity, and shows that no good purpose, could result by holding up the bill.
 

 The question as to the title of the party was settled in the trial at common law. The only question on a grant is as to the land it covers, and it is believed that it is the same case with an entry. The elder entry and the younger grant, which is the defendants’ title, will hold over an older grant and a younger entry, so that the single question on the trial was as to where the defendants’ entry lay. Did it cover the land claimed by tbe complainant? In the old District Court this matter was determined in favor of the defendants. Before a question can be introduced into an extraordinary court, a court of equity, it must be clear that there is no remedy in the ordinary tribunals of justice. This is the point at which the extraordinary powers of a court of equity begin their operations. Where the jurisdiction of the courts is concurrent, a fair determination of a question in either court concludes the parties on the point. To give .a court of equity jurisdiction on the same unvaried matter, properly determined at law, would make a court of equity a court of errors and appeals. See Mitford’s Plead., Fonblanque, Call’s Reports, New York Term Reports, &e.
 

 I am therefore of opinion that the judgment and decree of the Circuit Court be affirmed.
 

 [1]
 

 .Okiginal Note. — Judge Williams sat alone in this ease. The other judges had been of counsel in the inferior court. —Kep.